An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JUSTIN D. PORTER A/K/A JUG CAPRI PORTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60843

**FILED**

FEB 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant filed his petition on February 10, 2012, more than one year after issuance of the remittitur on direct appeal on December 3, 2010. Porter v. State, Docket No 54866 (Order of Affirmance, November 8, 2010). Thus, appellant's petition was untimely filed and procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. See NRS 34.726(1).

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 04685

First, appellant claimed he had good cause to excuse the delay because he has a low IQ and is uneducated. This failed to demonstrate good cause for filing an untimely post-conviction petition. See Phelps v. Director, Prisons, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that petitioner's claim of organic brain damage, borderline mental retardation and reliance on assistance of inmate law clerk unschooled in the law did not constitute good cause for the filing of a successive post-conviction petition).

Second, appellant appeared to claim he had good cause because he did not learn of the denial of his direct appeal in a timely manner, as he asserted he had poor communication with his appellate counsel and learned of the denial of his direct appeal from attorneys representing him for a different matter. Appellant provided no facts as to when he learned of the denial of his direct appeal or how his ability to file a timely post-conviction petition for a writ of habeas corpus was affected by any lack of communication with appellate counsel. See Hargrove v. State, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984) (stating that bare or naked claims which are unsupported by any specific factual allegations are insufficient to demonstrate that a petitioner is entitled to relief). Accordingly, appellant failed to demonstrate that this claim should provide good cause to excuse the procedural time bar. See Hathaway v. State, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Therefore, the

district court did not err in denying the petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____ , J.
Hardesty

_____ , J.
Parraguirre

_____ , J.
Cherry

cc:   Hon. Elissa F. Cadish, District Judge
Justin D. Porter
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.